UNITED STATES DISTRICT COURT AYMOND
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KYLE WILLIAMS and FABIOLA COLAS-WILLIAMS			CV-

                    Plaintiffs,			COMPLAINT AND
                                                        JURY DEMAND

   -against-

RIVERHEAD CHARTER SCHOOL; BOARD OF TRUSTEES,
RIVERHEAD CHARTER SCHOOL; ZENOBIA HARTFIELD
In Her Capacity as President of the Board of Trustees,
RIVERHEAD CHARTER SCHOOL, and Individually
RAYMOND ANKRUM, in his capacity as Director of
The RIVERHEAD CHARTER SCHOOL and Individually; and
NICOLA GRAHAM, Director of Finance,
RIVERHEAD CHARTER SCHOOL and Individually,

                  Defendants.

-----------------------------------------------------------X

      KYLE WILLIAMS and FABIOLA COLAS- WILLIAMS, Plaintiffs herein, by and through their attorney, HARRIET A. GILLIAM, respectfully allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters in this Complaint as follows:

## PRELIMINARY STATEMENT

    1. Plaintiff, KYLE WILLIAMS , was a custodian worker at the Riverhead Charter School ,(hereinafter referred to as "RCS")  until his termination on June 30, 2018. His immediate supervisor was defendant Nicola Grahm.

   Kyle Williams initially worked as a painter under contract, and was subsequently recommended to the RCS Board of Trustees by Defendants Ankrum and Graham, for regular full time employment as a custodian.

2. Kyle Williams has a documented disability of an allergy to mold, which substantially impacts his respiratory system and which significantly interferes with his ability to breathe and work.
.

3. Despite his stellar performance, Mr. Williams was rretaliated against, harassed and targeted by RCS, its agents and RCS , on account of his protected First Amendment speech and his documented disability.

4. Plaintiff Fabiola Colas-Williams was employed by RCS as the Director of Human Resources for RCS and is also the wife of Plaintiff, Kyle Williams.

5. Plaintiff Fabiola Colas-Williams was hired with the known disability of Lupus Which would be triggered by stress.

6. Ms. Colas-Williams was harassed and falsely accused of misconduct, which Triggered stress and significantly impacted her Lupus condition, thereby forcing her to Take Family Medical Leave and subsequently a forced resignation.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. Sections 1331 and 1343 with respect to Plaintiff Kyle Williams' claims of a violation of his First Amendment rights, pursuant to Section 1983; claims of retaliation based upon his disability under the Americans with Disabilities Act "ADA" (42 U.S.C. 12111 et seq. a violation of his rights under the ADA to be free from discrimination and retaliation on account of his disability of mold allergy; violation of his rights under Section 504 of the Rehabilitation Act and the New York State Human Rights Law on account of his mold Allergy disability, and any other cause of action which can reasonably be inferred from the facts

set forth herein to redress violations of Plaintiff Kyle Williams' rights, as guaranteed by the laws of the United States and the State of New York.

This Court likewise has jurisdiction over the claims of Fabiola Colas-Williams pursuant to 28 USC 1331 and 1343 with respect to her claims of discrimination and retaliation under the

ADA on account of her disability of Lupus.

8. The complaint also seeks compensation for the Plaintiffs' severe and acute emotional distress, mental anguish, financial injury, physical injury, psychological trauma and diminution of quality of life, under the above-enumerated constitutional provisions, statutes, and common law.

8. Venue is proper in this case pursuant to 28 U.S.C. 1391, based upon Plaintiffs' residence in the Town of Brookhaven, County of Suffolk, State of New York and based upon the fact that events giving rise to Plaintiffs' claims took place in the County of Suffolk, State of New York, which is located in the jurisdiction of the Eastern District of New York.

9. Plaintiffs filed timely charges of discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging claims of discrimination on account of disability under New York Executive Law 290, et seq.; and under the ADA.

10. The NYS Division of Human Rights dismissed Plaintiff's charge for administrative convenience and a Notice of Right to Sue Letter was issued by the EEOC. This action is filed within 90 days of Plaintiffs' receipt of their respective Notice of Right to Sue Let

**PARTIES**

11. Plaintiff, KYLE WILLIAMS was a custodial employee with Defendant RCS .

as the term is defined by the ADA, Section 504 and New York Executive Law Section 290, et seq.  and was a qualified employee who could perform the essential functions of his Grounds/Facility position with or without an accommodation.

**12.**  Plaintiff, FABIOLA COLAS-WILLIAMS was the Director of Human Resources for **RCS** and an employee as defined by the ADA, Section 504 of the Rehabilitation Act and the New York State Human Rights Law and was a qualified employee who could perform the Essential functions of her position with or without an accommodation.

13.  Defendant RCS  is a charter school licensed and regulated by the State of New York providing educational services to the public , located at 3685 Middle Country Road, Calverton, New York and is an employer as the term is defined  by the ADA, Section 504, and the New York State Executive Law 290 et seq.

14. The RCS  Board of Trustees, also known as the Board, is the dully elected governing body of the RCS, and is named in its official capacity for having directed, participated in, and/or condoned a course of conduct giving rise to the instant complaint.

15.  At all times relevant herein,  Zenobia Hartfield  was the President of the RCS  Board and was acting as an agent of RCS  and named in her official and individual capacities.

16.  At all times relevant herein, Raymond Ankrum was the Executive Director of the RCS  and is its agent and is named in his official and individual capacities.

17.  At all times relevant herein, Nicola Graham was the Director of Finance for The RCS and its agent and is named in her official and individual capacities.

## RELEVANT STATUTORY SCHEME

18.   The ADA and the Rehabilitation Act of 1973 ("Rehab Act") protect

individuals who have a mental or physical impairment that substantially limits one or more of such an individual's major life activities from discrimination based on disability. Similarly, the New York Human Rights Law prohibits such discriminatory practice under New York Executive Law Article 15; New York Executive Law Section 292 (2) .

19.  Under the ADA (Title I) and the Rehab Act, a "qualified individual" means an individual who, with or without reasonable accommodations, can perform the essential functions of the job that the individual holds.

20.  The ADA  (specifically, Title I) prohibits entities covered by the statute from discriminating against a qualified individual on the basis of disability with regard to conditions and privileges of employment 42 U.S.C. Section 12112(a)

21.  Under the ADA and Rehabilitation Act, discrimination includes, inter alia, failing to make reasonable accommodations for the known mental or physical impairment of  an employee who is otherwise qualified for the employment position that such individual holds unless the accommodation poses an undue hardship on the operation of the entity covered under the statute.

22.  Under the NYHRL,  it is an unlawful discriminatory practice for any employer to discriminate against an individual on the basis of a disability in compensation or in terms, conditions, or privileges of employment.  New York Executive Law Section 296 (1)(a) .

23.  Under the NYHRL. and ADA, and the Rehabilitation Act, the burden is on the employer  to establish that an accommodation is not "readily achievable"  which is defined as easily accomplishable and able to be carried out without much difficulty , expense or undue hardship.  New York Executive Law Section 296 (2)9d)(i)(A) and (B) The ADA 42 U.S.C.

Section 12112(b)(5); and Section 504 Of the Rehabilitation Act of 1973, 29 U.S.C.  Section 791 et seq.

## FACTUAL ALLEGATIONS

24.  Plaintiff, KYLE WILLIAMS was hired in early August, 2016 as a vendor painter N tn At the RCS and was subsequently offered a epart-time custodial position at RCS by defendants Ankrum and Graham because they were so impressed with the quality of his work.

25.  Within two weeks of assuming the part-time custodial position, Plaintiff Kyle Williams was appointed to a full time Grounds/Facility Custodian by defendants Ankrum and Graham.

26.  In August, 2017 defendant Graham directed Mr. Williams to remove debris, file Cabinets and books from the vacant administrative building.

27  Upon entering the administrative building and beginning the removal of items, Mr. Williams noticed the substantial amount of mold in the building and began to have a Reaction to it.

28. Defendant Graham had prior notice of the severe mold condition in the Administrative building, as did defendants Ankrum, Harris and the Board, but had failed to Take steps to remediate the condition.

29  Defendant Graham had been advised by the building inspector that there was a Serious mold condition in the administrative building that should be removed, but Graham Refused or failed to have the mold removed.

30.  Defendant Graham knowingly sent Mr. Williams into a dangerous environment Without any warning or protective gear.

31. Upon being exposed to the mold in the administrative building, Mr. Williams Became ill and had to report to the RCS nurse who told him to follow up with his doctor.

32. Mr. Williams advised Ms. Graham that he had an allergic reaction to the mold in The administrative building a6.nd that he had gone to the nurse when he became ill.

33. Mr. Williams told Defendant Graham that he could not return to the administrative Building to work because he was having wheezing and difficulty breathing due to the severe Mold condition.

34. Ms. Graham called the operations manager Lilla, into her office to discuss ways To address the mold in the administrative building and told Lilla to buy air fresheners and Oils to put around Mr. Williams' neck.

35. Mr. Williams deemed these measures to be inadequate and was still unable to teturn To the administrative building.

36. Mr. Williams continued to experience an allergic reaction to the mold, resulting on One occasion him being transported from the job by ambulance to the hospital and on another Occasion sMbeing hospitalized.

37. Almost immediately after his complaints about the mold to Ms. Graham, Mr. Williams began experiencing a series of adverse actions in the form of harassment, unwarranted Disciplinary meetings and actions based upon false accusations that he was not doing his Job, assignment of a heavier workload than his co-workers and ultimately his unwarranted Termination.

38. On August 30, 2017 Mr. Williams was called into Ms. Graham's office for a meeting With Mr. Ankrum.  His wife, Plaintiff Fabiola Colas-Williams was also made to be present by Ms. Graham.

39. At the August 30, 2017 meeting, Ankrum began to question Mr. Williams about the Mold as to since when was the mold a problem. Mr. Williams responded that the mold became A problem when he started coughing and wheezing as a result of it. Ankrum became very confrontational and accused Mr. Williams of not doing his work. At the meeting, Ankrum threatened Mr. Williams with termination and at the conclusion of the meeting Ankrum terminated Mr. Williams, effective June 30, 2018.

40. While Mr. Williams continued to be employed after the August 30, 2017 meeting, He continued to ne subjected to harassment in the form of additional work assignments of Painting, without Assistance; unwarranted and false written reprimand on October 6, 2017 and undue scrutiny of his work.

41. Mr. Williams' termination took place on June 30, 2018.

42. As a result of Mr. Williams' exposure to mold, he developed a physiological stems Disorder in the form of a severe allergy to mold, affecting his respiratory system and Substantially limiting his major life activities of breathing.

## FABIOLA COLAS-WILLIAMS

43. Fabiola Colas-Williams was employed by RCS as a Human Resource/Payroll Manager and reported directly to defendant Graham.

44. Ms. Colas-Williams had a documented disability of Lupus, of which RCS was Aware and which is triggered by stress,

45. At the conclusion of Mr.Williams' August 30, 2017 disciplinary meeting, Ms. Colas-Williams was directed by Defendant Graham to write up her husband which was in Direct violation of RCS policy prohibiting family members from becoming involved in .
Disciplinary actions of their family

46. Ms. Colas-Williams complained about being forced by Graham to violate RCS Policy and also brought this to the attention of the Board and was assured by Board President that the matter would be addressed, but it was not.

47. Almost immediately following her complaints, Ms. Colas-Williams was subjected To unwarranted disciplinary actions, which were later rescinded and constant harassment, Resulting in a flare up of her disability, requiring her to take FMLA leave.

48. During her FMLA leave, Graham continued to harass Ms. Colas-Williams with Respect to her accruals and false accusations of misconduct.

### AS AND FOR A FIRST CAUSE OF ACTION-ADA- RETALIATION

49. Plaintiff Williams realleges the allegations in paragrapjs 1-48, as fully set Forth herein.

50. But for Plaintiff Williams of his' complaints about mold and his request for Remediation by RCS, he would not have been subjected to Retaliatory adverse employment actions up to and including termination of his Employment.

51. As a result of the employer's retaliatory actions, Williams has suffered Emotionally, physically and has experienced a diminution in the quality of his life

### AS AND FOR A SECOND CAUSE OF ACTION –VIOLATION OF THE NYSHRL

52. Plaintiff repeats and realleges every allegation set forth in paragraphs "1" through "51", as if fully set forth he

53. Defendants violated New York Human Rights Law , Section 296(1)(a) by discriminating against Plaintiff Williams, a disabled but otherwise qualified individual , because

of his disability. and by treating him differently than non-disabled custodians with respect to terms and conditions of employment. .

54. The New York State Human Rights Law, Executive Law Section 290 et seq and, more particularly, Section 296, subdivision 3-a(c) , and other state laws, rules and regulations proscribe retaliation by employers against employees who oppose or complain about forbidden acts, including allegedly unlawful practices engaged in by an employer.

55. Plaintiff exercised his statutory rights to oppose and complain about forbidden acts, including unlawful discriminatory practices engaged in by defendants regarding his employment, and pursued such claims by asserting and/or filing complaints related to such acts.

56. Plaintiff Williams has experienced hurt , humiliation, emotional distress Physical harm and diminution of quality of life.

### THIRD CAUSE OF ACTION- SECTION 504

**57. Plaintiff reiterates and repeats the allegations in paragraphs "1 through 56 " as fully set forth herein.**

**58. Defendant RCS is an employer and recipient of federal funds within the meaning of Section 504 of the Rehabilitation Act of 1973.**

**59. Plaintiff is an individual with a disability under Section 504 , as a person with a physical impairment of severe mold allergy which substantially limits one or more major life activities in the form of breathing and performing manual tasks.**

**60. Plaintiff suffers physical, emotional and pecuniary damages.**

## FOURTH CAUSE OF ACTION- SECTION 1983

61. Plaintiff Colas-Williams realleges the allegations in paragraphs "1" through "60" of the Complaint as if fully set forth herein

62. As a result of RCS defendants' acts and omissions, Plaintiff has suffered physical pain and suffering, mental anguish and diminution of quality of life.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that they receives the followin

1. Compensatory damages in an amount of **Five** Million Dollars, based upon the joint and several liability of defendants;

2. Punitive damages in an amount to be determined by the trier of fact;

3. Costs and disbursements;

4. Attorney's fees and costs,

5. An order granting such other legal and equitable relief as the court deems just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL**

/s/ Harriet A. Gilliam

HARRIET A. GILLIAM, ESQ
Attorney for Plaintiff
21 W. Second St.
Riverhead, NY 11901
(631) 369-1400

Date: Riverhead, New York
June 24 , 2019

5417